IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

_____

FATE RESTAURANTS, LLC, a Colorado limited liability company,

Plaintiff,

v.

FATE BREWING COMPANY, LLC, an Arizona limited liability company, and
FATE BREWING COMPANY SOUTH, L.L.C., an Arizona limited liability company,

Defendants.

_____

## COMPLAINT AND JURY DEMAND

_____

Plaintiff Fate Restaurants, LLC, for its Complaint against Defendants Fate Brewing

Company, LLC and Fate Brewing Company South, L.L.C., states as follows:

### NATURE OF THE ACTION

1.     This is an action for trademark infringement, false designation of origin and

unfair competition, arising under the Lanham Act, 15 U.S.C. §§ 1051, *et seq.* and common

law.

2.     Plaintiff applied to register the distinctive trademark and service mark FATE

BREWING COMPANY on an "intent-to-use" basis with the United States Patent and

Trademark Office (USPTO) for "brewpub services" on June 21, 2012, and for "beer" on

August 22, 2012.  A few months later, Plaintiff began providing brewpub services and

selling beer under the FATE BREWING COMPANY mark, and its USPTO applications

matured into federally registered trademarks.   Accordingly, Plaintiff holds nationwide priority with respect to use of the FATE BREWING COMPANY mark for brewpub services and beer as of June 21, 2012, and August 22, 2012, respectively.

3.      In November 2012, despite having actual knowledge of Plaintiff's trademark applications and despite having been expressly advised of Plaintiff's rights in connection with the same, Defendant Fate Brewing Company, LLC began operating a brewpub and brewing beer in Scottsdale, Arizona under the identical name, "Fate Brewing Company." Defendant Fate Brewing Company South, L.L.C., which, upon information and belief, is under common ownership with Fate Brewing Company, LLC, has recently announced that it intends to open a second brewpub and brewery location in summer of 2015, also in Scottsdale, Arizona and also under the name "Fate Brewing Company."

4.      Defendants' goods and services are not connected or affiliated with, or authorized by, Plaintiff in any way.  Defendants' goods and services are identical in nature to Plaintiff's goods and services, have caused widespread confusion and deceived consumers and the public regarding their source, and have diluted and tarnished the distinctive quality of Plaintiff's FATE BREWING COMPANY trademark. Accordingly, Plaintiff seeks an injunction preventing Defendants from continuing to infringe Plaintiff's mark and damages arising from Defendants' willful infringement of such mark to date.

## PARTIES

5.      Plaintiff Fate Restaurants, LLC ("Fate Restaurants") is a Colorado limited liability company with its principal place of business at 1600 38th St, Boulder, CO 80301, Colorado.

6.     Defendants Fate Brewing Company, LLC ("FBC") and Fate Brewing Company South, L.L.C. ("FBC South") are Arizona limited liability companies that, upon information and belief, share ownership, principal place of business and registered office at 7337 E. Shea Blvd #200, Scottsdale, AZ 85250.

### JURISDICTION AND VENUE

7.     The Court has subject matter jurisdiction over this action under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338(b).

8.     The exercise of *in personam* jurisdiction over Defendants FBC and FBC South comports with the laws of the State of Colorado and the constitutional requirements of due process because Defendants and/or their agents transact business and/or offer to transact business within Colorado. Specifically, representatives of FBC have on multiple occasions traveled to Colorado to distribute their beers and promote their brewpubs at the multi-day "Great American Beer Festival" held in Denver, Colorado each fall, which is attended by hundreds of breweries and thousands of beer aficionados from Colorado and across the country. In addition, through their websites and social media presence, FBC and FBC South promote their brewpubs and beers nationally, including to Colorado residents.

9.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because Fate Restaurants has a principal place of business in this District.

3

## GENERAL ALLEGATIONS

**A.    Fate Restaurants Holds Nationwide Priority Based Upon Applications to Register the FATE BREWING COMPANY Mark Filed in June and August 2012.**

10.    On January 30, 2012, founder Michael Lawinski began preparations to open a new brewpub and brewery by filing Articles of Organization for Fate Restaurants, LLC with the Colorado Secretary of State.

11.    Mr. Lawinski named the new company Fate Restaurants because, as of January 2012, he had already selected the name "Fate Brewing Company" for the new brewpub and brewery.

12.    Mr. Lawinski selected the name "Fate Brewing Company" because of his belief that fate had led to an opportunity for him to pursue his dream of opening a brewpub and brewery, and because the name "Fate" has many valuable branding opportunities associated with it (for example, the tagline "Drink Your Fate" that Fate Restaurants currently uses to promote its goods and services).

13.    During spring 2012, Mr. Lawinski performed due diligence with respect to the "Fate Brewing Company" name which included searching the USPTO database of registered trademarks, searching Colorado business registrations, and searching the internet for related uses of "Fate Brewing Company."   At that time, FBC had no active website, Facebook page or other internet presence, and no other brewpubs, breweries or similar businesses appeared to be using a similar name.

14.    On May 6, 2012, in order to evidence and secure its intent to use the name "Fate Brewing Company," Fate Restaurants engaged a trademark service company to file

4

an "intent to use" application to register the FATE BREWING COMPANY trademark with the USPTO.

15.     On June 21, 2012, the trademark service company filed an application on behalf of Fate Restaurants under Section 1(b) of the Lanham Act (15 U.S.C. § 1051(b)) to register the FATE BREWING COMPANY mark with the USPTO under USPTO Serial No. 85657593, for "brewpub services".

16.     On August 22, 2012, in order to ensure that its trademark rights encompassed beer as well as brewpub services, Fate Restaurants filed an additional application under Section 1(b) of the Lanham Act to register the FATE BREWING COMPANY mark with the USPTO under USPTO Serial No. 85710297, for "beer".

17.     When Fate Restaurants chose "Fate Brewing Company" as the name for its new venture and when it filed its Section 1(b) trademark applications, Fate Restaurants was entirely unaware of FBC and FBC South's plans to use a confusingly similar mark for a brewpub and beer.

18.     On January 13, 2013, Fate Restaurants began serving beer to the public under the FATE BREWING COMPANY name, and on March 24, 2013, Fate Restaurants opened its first brewpub location to the public under the FATE BREWING COMPANY name. Fate Restaurants subsequently submitted Statements of Use to the USPTO, and the USPTO issued Fate Restaurants registration certificates for the trademark applications with nationwide priority dating from June 21, 2012, and August 22, 2012, respectively.

**B.    FBC Challenges Fate Restaurants' Rights in the FATE BREWING COMPANY Mark.**

19.    On August 24, 2012, Fate Restaurants received a letter from an attorney representing FBC, demanding that Fate Restaurants cease use of the FATE BREWING COMPANY mark.   The demand letter did <u>not</u> claim that FBC had begun providing brewpub services, beer, or related goods or services under the "Fate Brewing Company" name, since FBC had not in fact begun providing any such goods or services.   Instead, the letter merely stated that FBC had recently taken initial steps to begin preparing to do business, such as forming an Arizona LLC and reserving a domain name.

20.    On August 30, 2012, Fate Restaurants, through its attorney, sent a response letter to the FBC attorney noting that FBC had not claimed to have made any actual use of the FATE BREWING COMPANY mark in commerce, that Fate Restaurants had previously been unaware of FBC and its plans, and that, in any event, by virtue of its June 21, 2012, and August 22, 2012, USPTO trademark applications, Fate Restaurants held senior rights to the FATE BREWING COMPANY trademark in connection with brewpubs and beer.   Neither FBC nor its attorney ever replied to this response letter, nor did they counter or deny the evidence set forth therein demonstrating that Fate Restaurants in fact held senior rights in the FATE BREWING COMPANY mark.

21.    Between September 14, 2012 and September 30, 2013, representatives from Fate Restaurants and FBC met in person and corresponded in writing several times, exchanging proposals in an attempt to negotiate a potential compromise regarding the FATE BREWING COMPANY mark. The parties were unable to reach agreement and discussions were discontinued after September 30, 2013.

**C.    Ongoing Public Confusion Emerges Between the Brewpub Services and Beers of Fate Restaurants and FBC.**

22.    Since early 2013, Fate Restaurants has become aware of multiple instances of public confusion between Fate Restaurants and FBC based on their common use of the FATE BREWING COMPANY mark.

23.    Both Fate Restaurants and FBC exhibited their brands and poured samples of their beers at the Great American Beer Festival in Denver, Colorado in October 2013 (the "2013 GABF").  During the course of the 2013 GABF, Fate Restaurants encountered a large number of festival patrons who were confused as to which "Fate Brewing Company" beers they were tasting.  In addition, Fate Restaurants was informed by patrons that an unknown person had lingered around the Fate Restaurants booth and told patrons waiting in line that Fate Restaurants had "stolen" FBC's name.

24.    Both parties again exhibited their brands and poured samples of their beers at the Great American Beer Festival in October 2014 (the "2014 GABF"), at which Fate Restaurants earned much public attention by winning a gold medal. Once again, Fate Restaurants encountered a large amount of confusion among festival patrons between Fate Restaurants' beers and those of FBC.

25.    In addition to confusion at the 2013 GABF and 2014 GABF, other instances of actual public confusion arising from FBC's use of the FATE BREWING COMPANY mark of which Fate Restaurants is aware include:

    a.    Misidentification of Fate Restaurants as FBC on materials prepared by event organizers at the 2013 Vail Big Beers Festival;

7

    b. Various incidents of correspondence submitted to the Fate Restaurants website and social media pages but intended for FBC;

    c. Media articles containing links to the wrong company's website; and

    d. Invoices and deliveries intended for FBC but delivered to Fate Restaurants.

**D.    FBC South Announces Second Location Using FATE BREWING COMPANY Mark.**

26.    In December 2014, FBC South created a new Facebook page for "Fate Brewing Company South" and both FBC and FBC South announced on their Facebook pages that a new location of "Fate Brewing Company" would be opening in summer 2015, also in Scottsdale, Arizona. FBC also announced the pending opening of the FBC South "Fate Brewing Company" location on its website.

27.    On August 13, 2015, FBC South announced on its Facebook page that "Fate Brewing Company South" would open for business as a brewpub on Sunday, August 23, 2015, in south Scottsdale, Arizona.

**FIRST CLAIM FOR RELIEF**
**Federal Trademark Infringement – 15 U.S.C. § 1114**

28.    Fate Restaurants hereby incorporates each of the preceding paragraphs as if fully set forth herein.

29.    Fate Restaurants owns valid and enforceable federal trademark registrations for the FATE BREWING COMPANY Mark for "brewpub services" and "beers".

30.    Fate Restaurants' trademark rights in the FATE BREWING COMPANY Mark date back to June 21, 2012 (for "brewpub services") and August 22, 2012 (for

8

"beer"), and as such are senior to any alleged rights of FBC to use the FATE BREWING COMPANY Mark.

31.     FBC is not authorized to use or license the FATE BREWING COMPANY Mark, any confusingly similar mark, or any mark that in any way represents or implies that FBC and/or FBC's goods or services are in any way associated with Fate Restaurants or the FATE BREWING COMPANY Mark.

32.     FBC's unauthorized use of the FATE BREWING COMPANY Mark and confusingly similar marks as alleged above is likely to cause, and has actually caused, confusion, mistake, and deception among the purchasing public as to the source, origin, sponsorship, or affiliation of FBC's services and products.   Such conduct constitutes trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114.

33.     FBC's infringement has been with knowledge of Fate Restaurants' prior and exclusive rights in the FATE BREWING COMPANY and with an intent to trade on and take advantage of Fate Restaurants' goodwill in the FATE BREWING COMPANY Mark since, at a minimum, FBC was explicitly informed of Fate Restaurants' senior trademark rights and federal trademark applications via letter on August 30, 2012.

34.     As a direct and proximate result of FBC's knowing, deliberate, and willful infringement of the FATE BREWING COMPANY mark, Fate Restaurants has suffered damages in an amount to be proven at trial.

35.     As a direct and proximate result of FBC's willfully infringing conduct, Fate Restaurants is entitled to disgorgement of FBC's profits flowing from its infringement.

9

36.     As a direct and proximate result of FBC's knowing, deliberate, willful, and continuing actions and infringement of the FATE BREWING COMPANY mark, Fate Restaurants has suffered, and will continue to suffer, irreparable injury to its business, reputation, and goodwill, unless and until FBC's use of the FATE BREWING COMPANY mark is permanently enjoined.

### SECOND CLAIM FOR RELIEF
### Federal Unfair Competition – 15 U.S.C. § 1125(a)

37.     Fate Restaurants hereby incorporates each of the preceding paragraphs as if fully set forth herein.

38.     Fate Restaurants has senior rights in the FATE BREWING COMPANY mark dating to June 21, 2012 (for "brewpub services") and August 22, 2012 (for "beer") as a result of its USPTO trademark registrations.  Since the date of those registrations, and based upon Fate Restaurants' continuous use of the FATE BREWING COMPANY mark in commerce, FATE BREWING COMPANY has come to signify that these brewpub services and beers are derived from a single source.

39.     As a result of Fate Restaurants' experience, care, and service in producing and providing FATE BREWING COMPANY brewpub services and beers, the FATE BREWING COMPANY mark has acquired a reputation for award-winning beer, food and service.  Accordingly, the FATE BREWING COMPANY mark has become associated with Fate Restaurants' goods and services and has come to symbolize the reputation for the high quality of Fate Restaurants' goods and services.  As such, the FATE BREWING COMPANY mark has acquired distinctiveness and secondary meaning.

40.     FBC's unauthorized use of the FATE BREWING COMPANY mark in association with directly competing goods and services is likely to cause, and on belief and information, has already actually caused, confusion, mistake, or deception as to the source, origin, sponsorship, or affiliation of Fate Restaurants' products. Such conduct constitutes false designation of origin in violation of the Lanham Act, 15 U.S.C. § 1125(a).

41.     At least since August 30, 2012, FBC's infringing actions have been with knowledge of Fate Restaurants' prior and exclusive rights in the FATE BREWING COMPANY mark, and with an intent to trade on and take advantage of Fate Restaurants' goodwill in the FATE BREWING COMPANY mark.

42.     As a direct and proximate result of FBC's knowing, deliberate, and willful infringement of the FATE BREWING COMPANY mark, Fate Restaurants has suffered damages in an amount to be proven at trial.

43.     As a direct and proximate result of FBC's infringing conduct, Fate Restaurants is entitled to disgorgement of FBC's profits flowing from its infringement.

44.     As a direct and proximate result of FBC's knowing, deliberate, and willful actions and unfair competition of the FATE BREWING COMPANY mark, Fate Restaurants has suffered, and will continue to suffer, irreparable injury to its business, reputation, and goodwill, unless and until FBC's use of the FATE BREWING COMPANY mark is permanently enjoined.

### THIRD CLAIM FOR RELIEF
### Common Law Unfair Competition

45.     Fate Restaurants hereby incorporates each of the preceding paragraphs as if fully set forth herein.

11

46.    FBC has displayed, promoted, advertised, marketed, distributed, and sold merchandise using the FATE BREWING COMPANY mark unfairly against Fate Restaurants, usurping Fate Restaurants' goodwill and business reputation through unfair methods.  Thus, FBC's conduct constitutes unfair competition, in violation of the common law.

47.    FBC's unauthorized use of the FATE BREWING COMPANY mark in association with brewpubs and beer is likely to cause, and on belief and information, has actually caused, confusion, mistake, or deception as to the source, origin, sponsorship, or affiliation of FBC's products.

48.    Fate Restaurants has suffered, and will continue to suffer, substantial injuries, loss, and damage to its business as a direct and proximate result of FBC's unfair competition.

49.    As a direct and proximate result of FBC's knowing, deliberate, and willful conduct associated with respect to the FATE BREWING COMPANY mark, Fate Restaurants has suffered damages in an amount to be proven at trial.

50.    As a direct and proximate result of FBC's unfair competition, Fate Restaurants is entitled to disgorgement of FBC's profits flowing from its infringement.

51.    FBC's actions were attended by circumstances of fraud, malice, or willful and wanton conduct.  Moreover, FBC has continued its behavior and repeated its actions against Fate Restaurants in a willful and wanton manner after being expressly informed of Fate Restaurants' senior trademark rights pursuant to its USPTO trademark registrations,

which has further aggravated Fate Restaurants' damages when FBC knew or should have known such actions would produce aggravation.

52.     As a direct and proximate result of FBC's knowing, deliberate, and willful actions and unfair competition, Fate Restaurants has suffered, and will continue to suffer, irreparable injury to its business, reputation, and goodwill, unless and until FBC's use of the FATE BREWING COMPANY mark is permanently enjoined.

## FOURTH CLAIM FOR RELIEF
### Common Law Unfair Misappropriation

53.     Fate Restaurants hereby incorporates each of the preceding paragraphs as if fully set forth herein.

54.     By its actions, FBC has unfairly misappropriated Fate Restaurants' business values by wrongfully profiting from Fate Restaurants' expenditure of labor, skill, creativity and money, and wrongfully capitalizing on commercial values earned by Fate Restaurants over a period of time.

55.     Fate Restaurants has suffered, and will continue to suffer, substantial injuries, losses, and damage to its business as a direct and proximate result of FBC's unfair misappropriation.

56.     As a direct and proximate result of FBC's unfair misappropriation, Fate Restaurants has suffered damages in an amount to be proven at trial.

57.     As a result of FBC's unfair misappropriation, Fate Restaurants is entitled to recover FBC's profits realized as a result of its tortious conduct.

58.     FBC's actions were attended by circumstances of fraud, malice, or willful and wanton conduct.  Moreover, FBC has continued its behavior and repeated its actions

against Fate Restaurants in a willful and wanton manner after being expressly informed of Fate Restaurants' senior trademark rights pursuant to its USPTO trademark registrations which has further aggravated Fate Restaurants' damages when FBC knew or should have known such actions would produce aggravation.

59.    As a direct and proximate result of FBC's unfair misappropriation, Fate Restaurants has suffered, and will continue to suffer, irreparable injury to its business, reputation, and goodwill, unless and until FBC's use of the FATE BREWING COMPANY mark is permanently enjoined.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Fate Restaurants, LLC requests entry of judgment in its favor and against Defendants Fate Brewing Company, LLC and Fate Brewing Company South, L.L.C., as follows:

A.    Declaring that Defendant Fate Brewing Company, LLC has infringed the FATE BREWING COMPANY Mark by the acts complained of herein in violation of 15 U.S.C. § 1114;

B.    Declaring that Defendant Fate Brewing Company, LLC's infringement was deliberate, willful, and in conscious disregard of Plaintiff's rights pursuant to 15 U.S.C. §§ 1117 and 1125(a), and at common law;

C.    Declaring this case exceptional, pursuant to 15 U.S.C. § 1117;

D.    Entering a permanent injunction against Defendants; their officers, agents, servants, employees, and attorneys; and other persons who are in active concert or participation with Defendants, enjoining them from using, or participating with, encouraging

or assisting others in using FATE BREWING COMPANY in connection with the promotion, marketing, advertising, sale or distribution of any product or service without Plaintiff's consent;

E.      Awarding Plaintiff its actual damages in an amount according to proof;

F.      Awarding Plaintiff Defendants' profits from the sale of products and services advertised, promoted, marketed or sold using the FATE BREWING COMPANY mark;

G.      Entering judgment for Plaintiff on its First and Second Claims for Relief for an amount not exceeding three times the amount of actual damages;

H.      Entering judgment on Plaintiff's damages for pre- and post-judgment interest as provided by law;

I.      Awarding Plaintiff its costs, including reasonable attorney's fees pursuant to 15 U.S.C. § 1117; and

J.      Awarding Plaintiff such other relief as this Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on any and all issues on which a trial by jury is available under applicable law.

Dated:  August 24, 2015.

Respectfully submitted,

HUTCHINSON BLACK AND COOK, LLC

By:_____
Kimberly M. Hult, No. 31764
Justin C. Konrad, No. 38002
921 Walnut Street, Suite 200
Boulder, CO  80302
Phone:  (303) 442-6514
Fax: (303) 442-6593
hult@hbcboulder.com

Attorneys for Plaintiff Fate Restaurants, LLC